UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JORGE R.A.,[1]

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-08542-TLN-SCR

A # 240-174-514

**RELEASE ORDER**

This matter is before the Court on Petitioner Jorge R.A.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an opposition. (ECF No. 8.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States approximately ten years ago[2] without inspection or parole. (ECF No. 1 at 5; ECF No. 8-1 at 3.) U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner on October 8, 2026 while searching for a different individual. (ECF No. 8-1 at 2.) ICE served him with a Notice to Appear in immigration court after his arrest.[3] (*Id.* at 4.) He was subsequently transferred to Golden State Annex Detention Facility, where he remains detained. (ECF No. 1 at 2.) He has not been provided a bond hearing, and the government has not scheduled one. (ECF No. 13.)

On October 19, 2026 Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.*)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

---

[2] The precise date is not clear from either the petition or Respondents' records. Petitioner states that he has been "in the United States since 10 year [sic]" and ICE's Form I-213 generated upon Petitioner's arrest states that he "has no prior immigration history." (ECF No. 1 at 5; ECF No. 8-1 at 3.)

[3] The I-213 also asserts that an "I-200" warrant for arrest was "prepared herein." (ECF No. 8-1 at 4.) Respondents have not provided this document to the Court. (*See generally* ECF Nos. 8, 8-1.) The Court was clear in its Order to Respondents to answer the habeas petition that they must provide "any custody determinations, warrants, or notices; and any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition." (ECF No. 6.) Even if the Court were to accept that ICE prepared this document, there is no indication it was served on Petitioner as required by 8 U.S.C. § 1226(a) and its implementing regulations. *See Garcia-Maya v. Blanche*, No. 2:26-CV-01513-RFB-BNW, 2026 WL 1965886, at *4 (D. Nev. July 7, 2026) ("[A] noncitizen cannot be arrested without an administrative warrant or detained without notice of the basis for their detention through a notice to appear, both of which must be signed and served by designated immigration officers . . . .").

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause and requests that the Court order his immediate release. (ECF No. 1 at 16–17.) In opposition, Respondents "acknowledge[]" that Petitioner's detention is governed by 8 U.S.C. § 1226(a) ("§ 1226(a)") but argue that the appropriate remedy is for the Court to order that Petitioner receive a bond hearing in immigration court rather than order release. (ECF No. 8 at 1.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a

protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

B. Procedures Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Most significantly, Petitioner has not been afforded the "initial bond hearing before a neutral decisionmaker" to which he is

entitled by statute. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). As Respondents do not argue Petitioner is a danger to the public or a flight risk, and Petitioner has no criminal history, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondents articulate no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner is entitled to notice and a hearing before a neutral decisionmaker, which he has not received since his detention began on October 8, 2026. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Jorge R.A. A# (240-174-514) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to

detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner becomes subject to a final and executable order of removal, Respondents shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

2. Petitioner's Application to Proceed in Forma Pauperis is GRANTED. (ECF No. 2.)

3. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 3.)

4. The Motion to Appoint Counsel is DENIED as moot. (ECF No. 4.)

5. **The Clerk of Court is directed to serve Golden State Annex ICE Processing Center with a copy of this Order.**

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: November 23, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE